**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **YAHREE CAVIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No. 08C 3501 |
| | ) |
| **THE CITY OF CHICAGO, ILLINOIS;** | ) **Wayne R. Andersen** |
| **a Municipal Corporation and Chicago** | ) **District Judge** |
| **Police Officers RICHARD WISER,** | ) |
| **LUKE KELLY, SGT. WODNICKI,** | ) |
| **RONALD HOWELL, VITO FERRO,** | ) |
| **BARRETT MORAN, JR., UNKNOWN** | ) |
| **CHICAGO POLICE OFFICERS.** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants, City of Chicago and Chicago

police officers Richard Wiser, Luke Kelly, Sgt. Wodnicki, Ronald Howell, Vito Ferro, Barrett

Moran, Jr., and other unknown Chicago police officers to dismiss Counts I and II of the Plaintiff

Yahree Cavin's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, we

deny the motion to dismiss.

## BACKGROUND

The Complaint alleges that on November 7, 2005, the Plaintiff, an 18-year-old African

American male, was at the McDonalds restaurant on Navy Pier in Chicago, Illinois. While

Plaintiff was in the restaurant, two armed masked men allegedly came into the McDonalds to rob

it. They allegedly ordered the two female McDonald's employees into the back office. Plaintiff

remained in the dining area of the restaurant during the ordeal and stayed until the police arrived.

When the police arrived, they allegedly immediately detained Plaintiff and questioned him.

Plaintiff attempted to explain to the police officers what had happened and explained that he was there as witness. A female witness also allegedly told the police officers that Plaintiff was a witness and that the robbers had pointed a gun at him during the ordeal. Plaintiff was then allegedly arrested and charged with the armed robbery. He allegedly remained in custody for two years until the Cook County State's Attorney's Office dismissed all charges. Plaintiff was released from custody in December of 2007.

Plaintiff has filed a three-count Complaint against Defendants for violation of his due process rights, § 1983 conspiracy, and state malicious prosecution. Count I alleges that the Defendants violated Plaintiff's due process rights by withholding material exculpatory evidence from Plaintiff and the prosecutors, causing the prosecution against him to commence and continue for more than two years. Count II is a cause of action for conspiracy under § 1983, alleging that Defendants conspired to fabricate evidence by voluntarily and deliberately withholding information that would have led to the release of Plaintiff. Count III alleges a malicious prosecution claim under state law. Defendants have moved to dismiss Counts I and II of the Complaint.

## DISCUSSION

In ruling on a motion to dismiss under Rule 12(b)(6), the Court presumes all well-pleaded allegations in the complaint are true and draws all reasonable inferences in favor of the plaintiff. *Christensen v. County of Boone, Illinois,* 483 F.3d 454, 457 (7th Cir.2007). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint describe the claim in sufficient detail to give the defendants a "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964, (2007) (quoting *Conley v. Gibson,* 78 S.Ct. 99,

(1957)). The complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir.2007) (quoting *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14).

In Count I, the due process claim, Plaintiff alleges that the Defendant police officers violated his rights when they withheld material exculpatory evidence from him and the prosecutors. Defendants first argue that Count I should be dismissed because Plaintiff cannot sustain a due process claim based on a *Brady* violation (withholding of exculpatory evidence) because he did not stand trial on the underlying criminal charges. We disagree. A due process violation based on *Brady* can exist without a trial because an unfair trial is a foreseeable result of the police withholding exculpatory information from the prosecution. *Curtis v. City of Chicago*, 2002 WL 31803597 (N.D. Ill.). In this case, Plaintiff alleges that he spent over two years in jail wrongfully detained as a result of the Defendant police officers allegedly initiating false criminal charges and withholding exculpatory evidence. Consequently, we believe that Plaintiff has sufficiently alleged a due process claim.

Defendants next argue Count I should be dismissed because, when a state remedy for malicious prosecution exists, a plaintiff cannot sustain a denial of a fair trial claim absent a *Brady* violation. However, since we have already established that Plaintiff has properly pled a cause of action for a due process claim based upon the alleged *Brady* violation, this argument fails as well. For these reasons, we deny Defendants' motion to dismiss Count I of Plaintiff's Complaint.

Count II of the Complaint alleges a § 1983 conspiracy claim. Defendants argue that,

since no due process violation occurred, there cannot be a conspiracy to violate the Plaintiff's due process rights and Count II must, therefore, be dismissed. However, since we have already determined that Plaintiff has adequately pled a due process claim, this argument fails. Therefore, we find that Count II adequately pleads a cause of action for § 1983 conspiracy, and the motion to dismiss Count II is denied.

For these reasons, we find that Plaintiff's Complaint adequately pleads a due process violation and § 1983 conspiracy claim. Therefore, the motion to dismiss filed by the City of Chicago and Chicago Police Officers Richard Wiser, Luke Kelly, Sgt. Wodnicki, Ronald Howell, Vito Ferro, Barrett Moran, jr., and other unknown Chicago police officers is denied. [# 20]. Defendants have until April 3, 2009 to file their Answers to the Complaint. This case is set for status on April 16, 2009 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated:  March 19, 2009