# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3501 | **DATE** | 6/13/2011 |
| **CASE TITLE** | Jones vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

The Court denies plaintiff's motion for reconsideration [# 122] for the reasons stated below. Plaintiff's response to defendants' bill of costs is to be filed by 6/28/11; defendant's reply to plaintiff's response is to be filed by 7/8/11.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Alana Jones has moved the Court to reconsider its decision granting summary judgment in favor of the City of Chicago and Chicago police officers Richard Wiser, Luke Kelly, Edward Wodnicki, Vito Ferro, and Barrett Moran, Jr. Jones argues that the Court misconstrued two of her responses to defendants' Local Rule 56.1 statement of facts when it determined that these responses admitted key facts.

First, Jones disputes the Court's reading of one of her LR 56.1 responses regarding the testimony of Jeff Johnson, a security guard who responded to the report of a robbery at the Navy Pier McDonald's. Johnson testified that he saw a person running around inside the restaurant and asked the person if everything was alright and where the manager was. According to Johnson, the person did not ask for help and responded that everything was fine and the manager was in the back. Jones denied the truth of Johnson's testimony but admitted that he gave it during his deposition. Pl.'s Resp. to Defs.' Local Rule 56.1(A)(3) Stmt. of Facts ¶ 14. More importantly, she also admitted that Johnson relayed the substance of the conversation to the responding police officers. *Id.* ¶ 42 ("Admit that security guard Johnson talked to the responding detectives and told them about his conversation and questions with Cavin regarding whether Cavin needed any help, if there was anything wrong inside the restaurant, and where the manager was. Deny that Johnson also told the detectives that Cavin was running around inside the restaurant."). The Court relied in part on this admission in concluding that there was probable cause to arrest and charge Cavin with armed robbery, reasoning that after learning of Cavin's dismissive response to Johnson's questions, a prudent person having that and the other information the officers had would suspect that Cavin was trying to divert attention from the robbery.

Jones offers no valid basis for withdrawing her admission in paragraph 42, nor is she correct that the Court misunderstood it. Jones admitted that Johnson told the responding officers about his conversation with Cavin, and as noted above, she also admitted the details of that conversation. It is too late now for Jones to withdraw these admissions. Though Jones denied that Johnson told the police that Cavin was running around inside the restaurant, the Court did not rely upon that in reaching its decision. Rather, the Court only

considered Johnson's undisputed comments regarding whether everything was alright and where the manager was. Jones argues that Cavin's responses to these questions are not inculpatory. The Court disagrees, for the reasons stated in its decision and repeated above.

Second, Jones challenges her admission relating to Assistant State's Attorney Sabra Ebersole, who charged Cavin with armed robbery. In response to defendants' LR 56.1 statement, Jones admitted that "ASA Ebersole interviewed Cavin *after she interviewed Thorne and Clark*." *Id.* ¶ 57 (emphasis added). The Court relied in part on this admission in concluding that even if the officers misled Ebersole, there was probable cause to arrest and charge Cavin with armed robbery. Jones correctly points out that elsewhere in her response, she denied that Ebersole interviewed Thorne and Clark. *See, e.g.*, *id.* ¶ 56. This does not change the fact that she made an admission to the contrary in paragraph 57. She cannot withdraw this admission via a motion to reconsider.

Even if the Court were to disregard this admission, there still would be no genuine issue of material fact on the question of whether there was probable cause for Cavin's arrest and charging. There is no dispute that Thorne and Clark provided the responding officers with information strongly suggesting that Cavin was involved in the robbery. *See, e.g.*, *id.* ¶ 29 ("Admit that after talking with Thorne and Clark, the victims of the armed robbery, [Officer] Wiser was under the impression that the gunmen entered immediately after Cavin; that Thorne was not expecting Cavin to be at the McDonald's; that Cavin was allowed to stay in the restaurant while the two girls were taken back into the office at gunpoint."). And as noted above, Johnson provided the officers with additional information indicative of Cavin's involvement. Finally, Jones admitted that Ebersole testified that she believed she interviewed Thorne and Clark and that she believed their comments were similar to the contents of Officer Wiser's general offense case report. *Id.* ¶ 56. Based on these undisputed facts, no reasonable jury could conclude that there was not evidence "lead[ing] a person of ordinary care and prudence to believe or entertain an honest and sound suspicion that" Cavin was an accomplice to the robbery. *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642, 784 N.E.2d 258, 266 (2002). Accordingly, the Court denies Jones's motion to reconsider.