Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3501 | **DATE** | 8/8/2011 |
| **CASE TITLE** | Jones vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court rejects plaintiff's objection to the award of costs for the video recording of Cavin's deposition and awards costs to defendants and against the Estate of Yahree Cavin in the full amount requested by defendants, $3,504.88.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Yahree Cavin sued the City of Chicago and several Chicago police officers on claims arising from his arrest and prosecution for armed robbery. Cavin died on December 20, 2010, and Alana Jones, the mother of Cavin's son and administrator of Cavin's estate, was substituted as the plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1). The Court granted the defendants' motion for summary judgment. *Jones v. City of Chicago*, No. 08 C 3501, 2011 WL 1898243, at *1 (N.D.Ill. May 18, 2011). Defendants have petitioned for costs pursuant to Federal Rule of Civil Procedure 54(b).

Jones challenges one item in defendants' bill of costs, specifically $845.50 incurred for video recording Cavin's deposition. Jones contends that the video recording was unnecessary and that the defendants are effectively "double billing" for both a paper transcript and video recording of the deposition. Jones also contends that any costs should be assessed against the estate of Yahree Cavin, not against Jones personally.

Defendants concede that costs should be assessed against the estate, not Jones. They argue, however, that the video recording of Cavin's deposition was reasonably necessary.

Under Federal Rule of Civil Procedure 54(d), "costs should be allowed as a matter of course to the prevailing party." *Little v. Mitsubishi Motors N.A.*, 514 F.3d 699, 701 (7th Cir. 2007). Rule 54(d) creates a strong presumption that the prevailing party will recover costs. *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). A district court may tax a prevailing party's costs to the losing party under Rule 54(d), however, only if the specific expense is authorized by a federal statute and was reasonable and necessary to the litigation. *Little*, 514 F.3d at 701.

The Seventh Circuit held in *Little* that a court may award to the prevailing party the costs of both

| STATEMENT |
|---|

video-recording and stenographically transcribing the same deposition. *Id.* Thus the only question in this case is whether the video recording was reasonably necessary.

Defendants have demonstrated why the video-recording of Cavin's deposition was reasonably necessary to the litigation. Cavin asserted claims of psychological injury as a result of being framed for armed robbery and being held in jail for a crime he claimed he did not commit. Defendants argue that unlike a paper transcript, the video footage of Cavin's deposition illustrated his emotional state and demeanor. Given his claim of emotional distress, the video recording was reasonably necessary.

Jones argues that the video recording could not have been reasonably necessary because defendants did not use it in support of their motion for summary judgment. However, "the introduction of a deposition in a summary judgment motion or a trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Rather, "[w]hether the costs associated with a deposition are reasonably necessary is assessed when considering the circumstances at the time the deposition was taken." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). Credibility tends not to be an issue on a summary judgment motion, but had the case gone to trial, Cavin's credibility would have been a significant issue.

For these reasons, the Court rejects plaintiff's objection to the award of costs for the video recording of Cavin's deposition and awards costs to defendants and against the Estate of Yahree Cavin in the full amount requested by defendants, $3,504.88.